UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS-ROBERT BOYLE, *et al.*,

Plaintiffs,

v.

STEVEN KRAMER,

Defendant.

Case No. 25-cv-13857
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## ORDER GRANTING DEFENDANT'S MOTION TO STAY
## (ECF NO. 18)

Plaintiffs Thomas-Robert and Denise-Marie Boyle, proceeding pro se, bring this civil rights action under 42 U.S.C. § 1983 against Defendant Steven Kramer, the police chief of Green Oak Township.  ECF No. 1. Kramer filed a motion for summary judgment, which raises the threshold legal issues of qualified immunity and failure to state a claim.[1]  ECF No. 17. He also moves to stay the proceedings against him until the Court decides his dispositive motion.  ECF No. 18.  The Honorable Judith E. Levy referred

---

[1] Although titled a motion for summary judgment, Kramer's motion challenges the adequacy of the pleadings and is thus a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

the motions to the undersigned under 28 U.S.C. § 636(b).  ECF No. 23.

The Court **GRANTS** the motion to stay.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Qualified immunity is properly raised as a preliminary question, as it "shields government defendants not merely from liability, but also from litigation and discovery."  *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022) (cleaned up).  Thus, it is appropriate to stay discovery when a defendant files a motion to dismiss based on qualified immunity.  *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2021).  Courts have also granted stays pending resolution of motions raising a failure-to-exhaust defense.  *Hoosier v. Liu*, No. 2:16-10688, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016).

Staying the proceedings against Kramer pending resolution of his dispositive motion is proper here.  Notably, Judge Levy declined to enter a scheduling order permitting discovery and instead ordered Kramer to file his dispositive motion.  ECF No. 15.  Kramer argues in the dispositive motion that he is entitled to qualified immunity and that plaintiffs failed to state a plausible claim.  ECF No. 17.  Since these issues would resolve all

claims against Kramer if decided in his favor, requiring him to engage in discovery would be unnecessary and burdensome.

Plaintiffs contend that a stay is improper because Kramer's motion presents questions of fact requiring discovery.  ECF No. 21.  The Court recognizes that the qualified immunity analysis "may turn on case-specific details that must be fleshed out in discovery."  *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021).  But if discovery is necessary to decide that issue, Kramer's motion to dismiss will be denied, and the parties will engage in discovery.  *See Flint Water*, 960 F.3d at 826 (quoting *Crawford-El*, 523 U.S. at 598) ("If the defendant is denied qualified immunity on the motion to dismiss, then 'the plaintiff ordinarily will be entitled to some discovery.'").

Thus, the Court **GRANTS** Kramer's motion (ECF No. 18) and stays the proceedings pending resolution of his dispositive motion.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 23, 2026

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

4