UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Thomas-Robert: Boyle Private American National

Denise-Marie: Boyle Private American National
Plaintiffs,                                              Case: 25-13857

v.                                                       Hon. Judith E. Levy

STEVEN KRAMER,                                            Mag. Judge Elizabeth A.

Defendant.                                               Stafford

Thomas-Robert: Boyle
Denise-Marie: Boyle
In Pro Se
9513 Harmon Lane
South Lyon, Michigan [48178]
(810) 560-1876
dboyle4@yahoo.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
BY: Carlito H. Young (P61863)
Holly S. Battersby (P72023)
Attorneys for Defendant
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com

Page 1 of 4

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE STAFFORD'S ORDER GRANTING DEFENDANT'S MOTION TO STAY (ECF NO. 24)

Plaintiffs Thomas-Robert Boyle and Denise-Marie Boyle, proceeding pro se, respectfully object pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) to the Magistrate Judge's Order dated April 23, 2026 (ECF No. 24), which granted a blanket stay of proceedings. The Order is clearly erroneous and contrary to law for the following reasons:

1.  The Order fails to address that the Green Oak Charter Township Police Department operates as a de facto agency whose actions afford no legal protection when they violate the Constitution.

Under Norton v. Shelby County, 118 U.S. 425, 442 (1886), an unconstitutional act "confers no rights; it imposes no duties; it affords no protection; it creates no office; it is in legal contemplation as inoperative as though it had never been passed." Plaintiffs have alleged and submitted evidence that Defendant Kramer's permanent labeling of Plaintiffs as "sovereign citizens" / domesticterrorist-adjacent in law-enforcement databases — without notice or hearing — constitutes a clear constitutional violation. Where the underlying agency action is void under Norton, qualified immunity and a stay premised on it cannot shield Defendant from discovery or accountability.

2.  The Order misapplies qualified immunity doctrine by granting a stay despite allegations and evidence of constitutional violations that defeat immunity at the outset.

As the Supreme Court held in Scheuer v. Rhodes, 416 U.S. 232, 247-48 (1974), executive officials — including police chiefs — enjoy only qualified immunity that "depends on the scope of [their] discretion and the circumstances of the occasion," including good faith. The Magistrate Judge acknowledged that qualified immunity analysis "may turn on case-specific details that must be

fleshed out in discovery" (ECF No. 24, citing Crawford v. Tilley, 15 F.4th 752 (6th Cir. 2021)), yet imposed a full stay without explaining why the existing record (verified Complaint and ECF No. 19 with supporting exhibits) is insufficient to resolve the threshold issues of retaliatory motive, objective reasonableness, and lack of process.

Plaintiffs' filings already show disputed material facts on whether any reasonable officer could have believed it lawful to broadcast a false stigmatizing label statewide based on protected speech asserting property rights. A blanket stay in these circumstances is contrary to law and causes ongoing prejudice by prolonging the very deprivation Plaintiffs seek to remedy.

3.   The balance of hardships favors lifting or narrowing the stay.

The challenged designation creates a continuing, concrete risk to Plaintiffs' personal security whenever law enforcement responds. Judge Levy previously directed Defendant to file his dispositive motion early rather than issuing a scheduling order. Where the record already raises serious questions about the applicability of qualified immunity, a full stay is not required under In re Flint Water Cases or Myers v. City of Centerville and effectively denies Plaintiffs any timely path to relief.

4.   Defendant's acts of malfeasance, misfeasance, and nonfeasance further demonstrate that qualified immunity does not apply and that a stay is unwarranted.

Defendant's conduct constitutes malfeasance through the intentional entry of a false and stigmatizing label into law-enforcement databases, causing foreseeable harm to Plaintiffs. It further reflects misfeasance by improperly performing his official duties in a manner that violated Plaintiffs' constitutional rights, and nonfeasance by failing to correct the false designation despite four certified-mail demands for removal. These acts of recklessness and deliberate indifference

defeat any claim to qualified immunity and make a blanket stay of proceedings clearly erroneous.

Plaintiffs respectfully request that the District Court sustain these objections, vacate the stay, and allow the case to proceed. In the alternative, Plaintiffs request that the Court at minimum permit narrowly tailored discovery limited to facts necessary to resolve Defendant's qualified immunity defense and the circumstances of his conduct.

Respectfully submitted,

/s/ Thomas-Robert: Boyle Private American National 9513 Harmon Lane, South Lyon, Michigan [48178]

/s/ Denise-Marie: Boyle Private American National Address the same. (810) 5601876 dboyle4@yahoo.com

Dated: May 3, 2026

CERTIFICATE OF SERVICE

I certify that on May 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all counsel of record and I hereby certify that I have mailed by United States Postal Service the paper copy to the following:

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Holly S. Battersby (P72023)
Attorney for Defendant
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100 hbattersby@rsjalaw.com