## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Thomas-Robert: Boyle, *et al.*,

        Case No. 25-13857

        Plaintiffs,

        Judith E. Levy

v.        United States District Judge

Steven Kramer,        Mag. Judge Elizabeth A. Stafford

        Defendant.

_____/

## <u>ORDER OVERRULING PLAINTIFFS' OBJECTIONS [25]</u>

Before the Court is Plaintiff Thomas-Robert Boyle and Plaintiff Denis-Marie Boyle's objections to Magistrate Judge Stafford's order granting Defendant Steven Kramer's motion to stay. (ECF No. 25.) On April 13, 2026, Defendant filed a motion to stay proceedings pending the outcome of his motion to dismiss. (ECF No. 18.) Judge Stafford issued an order granting the motion to stay on April 23, 2026 (ECF No. 24), and Plaintiffs filed an objection to that order on May 4, 2026. (ECF No. 25.) Defendant filed a response to Plaintiffs' objection (ECF No. 28), and Plaintiffs filed a reply. (ECF No. 29.)

For the reasons set forth below, Plaintiffs' objections are overruled.

## I.     Legal Standard

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II. Analysis

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Howard v. Mgmt. & Training Corp.*, No. 13-3443, 2014 WL 12971771, at *3 (6th Cir. Nov. 14, 2014) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). Here, Judge Stafford found that staying discovery pending Defendant's motion to dismiss is appropriate because the motion to dismiss, if decided in Defendant's favor, would resolve all claims against Defendant and requiring Defendant to engage in discovery would thus be unnecessary and burdensome. (ECF No. 24, PageID.290–291.)

Plaintiffs argue that Judge Stafford's order is erroneous and contrary to law.

The first objection argues that the order "fails to address that the Green Oak Charter Township Police Department operates as a de facto agency whose actions afford no legal protection when they violate the Constitution." (ECF No. 25, PageID.294.) In their second objection, Plaintiffs argue that the order "misapplies qualified immunity doctrine by granting a stay despite allegations and evidence of constitutional violations that defeat immunity at the outset." (*Id.*) Additionally, in Plaintiffs' fourth objection, Plaintiffs claim that "Defendant's acts of malfeasance, misfeasance, and nonfeasance further demonstrate that qualified immunity does not apply and that a stay is unwarranted." (*Id.* at PageID.295.)

In these objections, Plaintiffs contend that Defendant is not entitled to qualified immunity and, as a result, a stay in discovery is improper. These objections do not properly address Judge Stafford's order. Judge Stafford's order did not address the merits of Defendant's qualified immunity argument; instead, she determined that Defendant's motion to dismiss, which concerns qualified immunity, could lead to dismissal of the case. It is possible that Defendant's motion to dismiss will be granted, just as it is possible that it will be denied. In any event,

Judge Stafford's decision to stay the case pending that decision was not clear error or contrary to law.

Plaintiffs' third objection argues that the stay should not have been granted because "[t]he balance of hardships favors lifting or narrowing the stay." (*Id.* at PageID.295.) According to Plaintiffs, they are experiencing harm due to Defendant's actions, and the stay delays their relief.

"In ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Davis v. Skyline Chili, Inc.*, No. 2:20-CV-1573, 2021 WL 4876277, at *1 (S.D. Ohio Apr. 1, 2021). Here, the Court finds that a delay in discovery is appropriate given the circumstances. The Court acknowledges Plaintiffs' statement that they are harmed by a delay in discovery, but also notes that requiring Defendant to undergo discovery before resolution of his motion to dismiss could result in needless discovery costs and would be contrary to the purposes of the doctrine of qualified immunity if Defendant prevails. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012) ("[Q]ualified immunity . . . shields individuals

5

not just against liability, but against the suit itself."). Judge Stafford's determination that a stay is appropriate is not "clearly erroneous."

Plaintiffs also ask that the Court "permit narrowly tailored discovery limited to facts necessary to resolve Defendant's qualified immunity defense and the circumstances of his conduct." (ECF No. 25, PageID.296.) This request is denied without prejudice. As set forth in Judge Stafford's order, "if discovery is necessary to decide [qualified immunity], Kramer's motion to dismiss will be denied, and the parties will engage in discovery." (ECF No. 24, PageID.291.) Limited discovery regarding qualified immunity is not necessary at this time.

Finally, the Court warns Plaintiffs that their objection contains a factitious citation. Plaintiffs' objection states,

> As the Supreme Court held in Scheuer v. Rhodes, 416 U.S. 232, 247-48 (1974), executive officials — including police chiefs — enjoy only qualified immunity that "depends on the scope of [their] discretion and the circumstances of the occasion," including good faith.

(ECF No. 25, PageID.294.) However, Plaintiffs' quotation purportedly from *Scheuer v. Rhodes*, 416 U.S. 232 (1974), does not appear in that opinion. In fact, the phrase, "circumstances of the occasion," does not appear in the opinion at all.

6

The Court is concerned by this factitious citation, which appears to be created by generative artificial intelligence ("AI") tools. *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025). The Court recognizes that, "for a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in an unfamiliar court setting." *Everett J. Prescott, Inc. v. Beall*, No. 1:25-CV-00071-JAW, 2025 WL 2084353, at *2 (D. Me. July 24, 2025). Nevertheless, "a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate." *Id.*; *see also Whiting v. City of Athens*, 170 F.4th 455, 461 (6th Cir. 2026) (stating that citing "even a single fake case" is sanctionable conduct).

And when litigants misrepresent the law, they waste judicial resources. Pro se litigants who have engaged in similar behavior have been subjected to sanctions such as the striking of filings with factitious citations, dismissal of the case, and monetary penalties. *See Sanders*, 176 Fed. Cl. at 170 (collecting cases); *Evans v. Robertson*, No. 24-13435, 2025 WL 3126852, at *4 (E.D. Mich. Nov. 7, 2025) (striking filings with factitious citations); *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815,

7

2025 WL 2682622, at *3 (E.D. Mich. Sept. 19, 2025) (ordering the plaintiff to pay $200.00 to the defendant's attorney for each factitious citation).

The Court warns Plaintiffs that factitious citations will not be tolerated and that they may be sanctioned if future filings contain factitious citations, including but not limited to striking of filings or dismissal.

### III.  Conclusion

For the reasons set forth above, Plaintiffs' objections are OVERRULED. (ECF No. 25.)

IT IS SO ORDERED.

Dated: May 28, 2026          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8